IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02425-BNB

ARTHUR D'AMARIO, III,

Applicant,

v.

BLAKE R. DAVIS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Arthur D'Amario, III, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado. Mr. D'Amario initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction in case number 06-cr-00112 in the United States District Court for the District of New Jersey. In an order filed on November 26, 2007, Magistrate Judge Boyd N. Boland ordered Mr. D'Amario to show cause why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. On December 3, 2007, Mr. D'Amario filed his response to the show cause order.

The Court must construe the application and the response to the show cause order liberally because Mr. D'Amario is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. D'Amario was convicted in the District of New Jersey of threatening to kill a federal judge after a five-day jury trial. **See United States v. D'Amario**, No. 06-cr-00112, 2007 WL 928473 (D.N.J. Mar. 27, 2007). He asserts that his direct appeal from the judgment of conviction currently is pending in the United States Court of Appeals for the Third Circuit. He further asserts that he has filed in the District of New Jersey a motion pursuant to 28 U.S.C. § 2255 that was denied without prejudice as premature because his direct appeal has not been decided. Mr. D'amario seeks to pursue his claims in this Court in an application for a writ of habeas corpus pursuant to § 2241 because he contends that he has no other remedy available to him. He specifically argues that the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." **Id.** (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365,

366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." **Caravalho v. Pugh**, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. D'Amario's argument that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective lacks merit. Mr. D'Amario is correct that he cannot file a § 2255 motion in the sentencing court until his direct appeal has concluded. See **United States v. Cook**, 997 F.3d 1312, 1319 (10th Cir. 1993) (noting that "[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending."). However, the fact that a § 2255 motion in the sentencing court is premature does not make that remedy inadequate or ineffective. Mr. D'Amario may raise the claims he wishes to pursue in a § 2255 motion in the sentencing court upon conclusion of his direct appeal. Furthermore, the orderly administration of criminal justice that precludes the filing of a § 2255 motion while a direct appeal is pending also precludes the filing of a § 2241 application challenging the validity of a criminal conviction that is not yet final. Therefore, the Court finds that Mr. D'Amario fails to demonstrate that his claims properly may be raised in this Court pursuant to § 2241 at this time. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 3 day of January, 2008.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02425-BNB

Arthur D'Amario III
Reg. No. 02989-070
FCI - Englewood
9595 W Quincy Avenue
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/04/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk